**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| **In Re:** | : **Chapter 13** |
| **Johnny Ballard** | : **Case No. 16-16408-AMC** |
| **Debtor,** | : |
| ---------------------------------------- | : |
| Johnny Ballard | : |
| Movant, | : |
| v. | : Hearing Date/Time |
| | :     January 6, 2021 at 11:00 a.m. |
| U.S. Bank Trust National Association | : |
| as Trustee of the Igloo Series III Trust | : |
| | : Related to Docket No. 88. |
| Respondent, | : |

## STIPULATION RESOLVING DEBTOR'S
## MOTION TO REINSTATE AUTOMATIC STAY

THIS matter being opened to the Court by Demetrius J. Parrish, Esq., appearing on behalf of Debtor, Johnny Ballard, and an opposition having been filed by Brian E. Caine, Esquire, of the law office of Parker McCay P.A., attorney for the secured creditor, U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust, (hereinafter "U.S. Bank"), upon a Motion filed by the Debtor to reinstate the automatic stay as to the property commonly known as 5716 Hoffman Avenue, Philadelphia PA 19143, and it appearing that the parties have amicably resolved their differences and for good cause shown;

1. As of December 3, 2020, the arrears under the terms of the Stipulation resolving the motion for relief from stay was $6,546.38.

2. The Debtor made a payment to U.S. Bank in the amount of $6,000.00 on or about December 8, 2020.

3. The Debtor made a payment to U.S. Bank in the amount $700.00 on or about December 31, 2020.

4. As of January 5, 2021, the Debtor was due for the mortgage payment due January 1, 2021.

5. The debtor agrees to reimburse the Movant $950.00 for its attorney fees related to the certification of default and defense of this motion, and shall accomplish this by adding $118.75 to the regular monthly payments each due January 1, 2021 to August 1, 2021.

6. The debtor will resume regular monthly payments to Movant starting with the September 1, 2021 payment, and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

7. If the Debtor fails to make any of the payments stated herein, then counsel for the Movant may send Debtor and Debtor's attorney a notice of default, and the Debtor shall have 10 days from the date of the notice to cure said default. If the default is not cured timely cured, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and co-debtor stay, as to the mortgaged property herein.

8. Debtor agrees that U.S. Bank may not exceed attorney fees of $100 for each notice of default letter.

(*remainder of page intentionally left blank*)

*The undersigned hereby consent to the form and entry of the within Stipulation.*

| | |
|---|---|
| __/s/Brian E. Caine_____ | __/s/ Demetrius J. Parrish_____ |
| Brian E. Caine, Esquire | Demetrius J. Parrish, Esquire |
| Parker McCay P.A. | The Law Offices of Demetrius J. Parrish |
| 9000 Midlantic Drive, Suite 300 | 7715 Crittenden Street, #360 |
| Mount Laurel, NJ 08054 | Philadelphia, PA 19118 |
| (856) 985-4059 | (215) 735-3377 |
| bcaine@parkermccay.com | djpesq@gmail.com |

__/s/Polly A. Langdon_____
Concurrence by the Office of the Chapter 13 Trustee

It is hereby **ORDERED**, that the foregoing Stipulation is approved, shall be, and is made and Order of this Court.

Date:  _____              _____

**Date: February 8, 2021**           ASHELY M. CHAN
U.S. BANKRUPTCY JUDGE